IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH SCOTT, K95854, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 24-cv-526-DWD |
| | ) |
| LEANNA WILLIAMS, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Joseph Scott, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Vandalia Correctional Center (Vandalia), initiated a federal lawsuit in the Central District of Illinois by filing a letter. (Doc. 1). The case was transferred to this District, and Plaintiff has also now filed a "Motion to Transfer," wherein he seeks to be immediately transferred to another prison. Plaintiff has not, however, submitted a formal complaint. To initiate a civil case, the Federal Rules of Civil Procedure and the Local Rules for the Southern District of Illinois require a plaintiff's submission to meet certain uniform criteria.

A case must be initiated by the filing of a formal complaint. FED. R. CIV. P. RULE 3. The complaint must have a master caption that lists the name of each defendant, FED. R. CIV. P. RULE 10(a), it must set forth factual allegations in numbered paragraphs, FED. R. CIV. P. RULE 10(b), and it must draw a connection between the named parties and the factual allegations. A complaint must include a short plain statement of the claim for

relief, as well as a demand for relief. FED. R. CIV. P. RULE 8. A complaint must be written, signed, and verified. Local Rule 8.1(b). The pleading must be clearly typed or printed, and it must be double spaced, except for quotes or exhibits. Local Rule 5.1(a). An inmate who wishes to file a civil complaint under 42 U.S.C. § 1983, 28 U.S.C. § 1331, or the Federal Tort Claims Act, may obtain a template and instructions for filing such a complaint by requesting the forms from the Clerk of Court. Local Rule 8.1(a)(1).

In the one-page letter that he submitted, Plaintiff complains generally about the physical conditions of the Vandalia facility, including things such as the unsanitary nature of the food preparation areas, broken glass windows, and the lack of adequate functioning toilets, among other things. In his Motion for Transfer, he asks the Court for an immediate transfer to Taylorville Correctional Center because he is "scared for his life." (Doc. 7). He alleges he has asked for a transfer but was informed he must be at Vandalia for six months prior to any transfer, and he has only been there for five months. (*Id.* at 2). In support of his request for an immediate transfer, Plaintiff submitted a copy of an inmate grievance filed on February 13, 2024, that contains the same generic allegations as his initial letter. Without a proper complaint, the Court cannot adequately analyze Plaintiff's claims, and it also cannot grant injunctive relief because the viability of an injunction depends in part on the potential merits of the underlying claims. *See*, *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (to seek a preliminary injunction, a plaintiff must establish: a likelihood of success on the merits of his claim; no adequate remedy at law; and, irreparable harm without the injunctive relief). Accordingly, a ruling on

Plaintiff's Motion for a Transfer (Doc. 7) will be deferred if and until he files a proper complaint.

If Plaintiff wishes to commence litigation in this District he should submit a new pleading that follows the uniform standards explained here within 30 days.  If Plaintiff does not wish to start civil litigation, he should notify the Court in writing that he does not wish to pursue any claim within 30 days.  A failure to respond to this Order will result in the dismissal of this case.  The Clerk of Court is **DIRECTED** to send Plaintiff a copy of the standard § 1983 template.

**IT IS SO ORDERED.**

Dated: March 18, 2024

/s *David W. Dugan*
_____
DAVID W. DUGAN
United States District Judge